IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

ROBERT BEACH and )
JEANETTE SIMMONS, )
)
    Plaintiffs, )
)
    v. )    Case No.  09-CV-6688
)
Markham Police Officers TONY DEBOIS, )    Judge Castillo
Star No. 311, Officer NEWMAN, )    Magistrate Judge Mason
Star No. 541, Officer BRAZIL, Star No. )
536, Officer TOLBERT, JANE DOE, )
and the CITY OF MARKHAM, )
    Defendants. )

## MOTION FOR ENTRY OF A QUALIFIED PROTECTIVE ORDER

Defendants, City of Markham and Officer Debois, by their attorneys, Johnson &

Bell, Ltd., pursuant to Federal Rule of Civil Procedure 26(c), respectfully move this

Honorable Court for entry of the Protective Order attached hereto and incorporated herein

as Exhibit "A", and in support thereof, state as follows:

1.    The entry of a proposed protective order is proper in this cause. *McGee v.

City of Chicago,* 2005 U.S.Dist. LEXIS 30925, at 7 (N.D.Ill. 2008). "Police officers have

a legitimate expectation of privacy concerning their personnel files, which often contain

social security number, driver's license number, residential address and contact

information, financial information, names of family members, names of insurance

beneficiaries, wage information, and other private matters." *Id.,* 2005 U.S.Dist. LEXIS

30925, at 8.

2.    Moreover,

> Public disclosure of private information contained in
> personnel files and other personal and family information
> may cause the Individual Defendants unnecessary

> annoyance or embarrassment and would unfairly and
> gratuitously invade their privacy. Moreover, the public has
> little interest in learning the personal and family
> information of the Defendant Officers because it does not
> concern the officers' performance of their public duties.
> More importantly, disclosure of personal and family
> information of police officers could threaten the safety of
> officers and their families.

*Id.* Accordingly, the Court can order such information to be seen by attorney's eyes only.
*Id.*

3.     On or about March 26, 2010, Defendants' counsel served Plaintiffs' counsel with a draft protective order. A copy of the March 26, 2010 email of Defendants' counsel and the attached proposed Protective Order are attached hereto as Exhibit "B". In its e-mail, Defendants' counsel had requested that Plaintiffs' counsel contact Defendants' counsel by March 29, 2010 to advise whether they would consent to the proposed Protective Order. *See* Exhibit B. In the e-mail to Plaintiffs' counsel, Defendants' counsel referenced its prior telephone call to Plaintiffs' counsel in an effort to obtain their consent to enter the Protective Order. *See* Exhibit B.

4.     On or about March 29, 2010, Plaintiffs' counsel responded and indicated that it would not consent to the entry of the Protective Order and that an alternative Protective Order would be sent by Wednesday, March 31, 2010, for review. A copy of the March 29, 2010 e-mail of Plaintiffs' counsel to Defendants' counsel is attached hereto and incorporated herein as Exhibit "C". Plaintiffs' counsel recognizes that entry of a Protective Order is warranted in this cause. *See* Exhibit C.

5.     On or about Thursday, April 1, 2010, Plaintiffs' counsel informed Defendants' counsel that they could not send an alternate proposed Protective Order by Wednesday, March 31, 2010, as indicated in their prior e-mail. A copy of the April 1,

2010 e-mail of Plaintiffs' counsel is attached hereto and incorporated herein as Exhibit "D".

6.     On or about April 1, 2010, Plaintiffs' counsel sent a proposed Protective Order and requested a response as to whether Defendants' counsel agreed to same by April 5, 2010.

7.     On or about April 12, 2010 Defendants' counsel wrote to Plaintiffs' counsel and provided an amended Protective Order that incorporated Plaintiffs' suggestions with respect HIPAA and depositions in this cause. A copy of the April 12, 2010 correspondence of Defendants' counsel is attached hereto and incorporated herein as Exhibit "E". In that letter, Defendants' counsel indicated that they do not agree to the entry of the proposed Protective Order provided by Plaintiffs' counsel. *See* Exhibit E.

8.     In the April 12, 2010 correspondence of Defendants' counsel, they provided a draft Protective Order that they request that this Honorable Court enter. A copy of the Protective Order is attached hereto and incorporated herein as Exhibit "A". In the April 12, 2010 correspondence, Defendants' counsel requested that Plaintiffs' counsel advise by April 14, 2010 whether they agree to the terms of the amended proposed Protective Order. *See* Exhibit E. Plaintiffs counsel did not respond to that letter however, after acknowledging that entry of a proposed Protective Order is relevant in this course, filed instead a Motion to Compel Discovery.

9.     Defendants' counsel has in good faith conferred or attempted to confer with Plaintiffs' counsel in an effort to agree to the terms of a Protective Order without court intervention. Defendants note that in the attached proposed Protective Order, Defendants add a provision that it may designate documents "ATTORNEYS EYES

ONLY." However, as the parties are not able to reach an accord, Defendants requests that this Honorable Court resolve this matter and enter the proposed Protective Order attached as Exhibit "A".

WHEREFORE, for the foregoing reasons, Defendants, Tony Debois and City of Markham respectfully request that this Honorable Court enter the proposed Protective Order attached to this Motion as Exhibit "A" and for any other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,


**/s/Moyenda Mutharika Knapp**
One of the Attorneys for Defendant
The City of Markham and T. Debois


Rick L. Hammond
Moyenda Mutharika Knapp
Johnson & Bell, Ltd.
33 West Monroe Street - Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
Fax: (312) 372-9818
E-mail: hammondr@jbltd.com
       knappm@jbltd.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2010, I electronically filed the foregoing Defendants City of Markham and Tony DeBois' MOTION FOR ENTRY OF A QUALIFIED PROTECTIVE ORDER with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**/s/Moyenda Mutharika Knapp**
Attorney for Defendant the City of Markham and Tony Debois
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Telephone: (312) 372-0770
Fax: (312) 372-9818
E-mail: knappm@jbltd.com

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

ROBERT BEACH and )
JEANETTE SIMMONS, )
)
     Plaintiffs, )
)
     v. )     Case No. 09-CV-6688
)
Markham Police Officers TONY DEBOIS, )
Star No. 331, JOHN DOES 1-3, and the )     Judge Castillo
CITY OF MARKHAM, )     Magistrate Judge Mason
)
     Defendants. )

## CONFIDENTIAL MATTER PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure 26(c), and for the reasons set forth in the record, this court hereby finds:

A.     The following words and terms are defined for purposes of this Protective Order:

1.     "Parties" shall mean Plaintiffs, Defendant City of Markham, the individual Defendants, the attorneys for all parties, and any additional party that this Court may subsequently recognize as subject to this Protective Order, and their attorneys.

2.     When used in this order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, produced by a party pursuant to discovery, including but not limited to, documents produced by any party or non-party, including non-party City of Harvey, in this action whether pursuant to Federal Rule of Civil Procedure 34, subpoena or by agreement, deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the foregoing.

3.     "Confidential Matter" shall mean employment, disciplinary, financial, medical, or other information that is of a sensitive or non-public nature regarding Plaintiff, Defendants, non-party witnesses, and non-party employees of the City of Markham that may be subject to

discovery in this action. "Confidential Matter" includes, but is not limited to, personnel files, disciplinary actions, and histories, and related information that are protected by the Illinois Personnel Records Review Act, 820 ILCS 40/0.01, *et seq.* (West 2004) and Section 7 of the Illinois Freedom of Information Act, 5 ILCS 140/1, *et seq.* (West 2004), as well as personal and family information of police officers, including residential information and telephone numbers; social security numbers; any wage, financial or tax information of any individual; residential and cellular telephone numbers; arrest reports and related documents; arrest histories, also known as "rap sheets"; the identifying information of complaining witnesses including victims; documents that are subject to the Juvenile Control Act 705 ILCS 405/1-1 *et seq.;* and information protected by the Health Insurance Portability and Accountability Act of 1966, including, but not limited to, medical records and other physical and mental health information.

4.   As used herein, "disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, expose, make open or public, or otherwise communicate Confidential Matter.

B.   This Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as Confidential Matter.

1.   The parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit Confidential Matter of parties and non-parties to or from other parties and non-parties.

C.   The parties will abide by the following terms and conditions:

1.   The parties will not use or disclose Confidential Matter released in this proceeding for any other purpose, or in any other proceeding.

2.   The parties will store all Confidential Matter, while it is in their possession, in a fashion that will ensure that no one, other than those individuals subject to the terms of this

order, will have access to said Confidential Matter.

3.    All copies of Confidential Matter produced during the course of this proceeding shall be returned to the producing party or non-party within sixty (60) days of the final termination of this action, and shall continue to be protected pursuant to the terms of this Protective Order after termination of this case. If the Confidential Matter is not entirely returned, the producing party shall attempt in good faith to obtain the Confidential Matter, which shall include a request in writing. If the Confidential Matter is not then returned, the producing party may petition the Court for the costs and fees of compelling such return.

4.    The individual pages of each document designated as Confidential Matter shall bear the following designation or equivalent: **"CONFIDENTIAL" or "CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN 09-CV-6688"** and/or **"ATTORNEY'S EYES ONLY."** No document containing the "Confidential" and/or "Attorney's Eyes Only" stamp or any identifying number shall be copied in whole or in part without the "Confidential" and/or "Attorney's Eyes Only" designation appearing on the copy.

5.    Before disclosing Confidential Matter to any persons involved in the litigation, including but not limited to counsel, co-counsel, counsel staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing Confidential Matter to be disclosed are confidential, to be held in confidence, to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order. Any document produced by a non-party to this cause may be designated as Confidential Material by any party to this cause before or after the disclosure.

6.    To the extent that a party believes it has a right to redact information, it may

3

redact such information, provided that if a party redacts information from any Confidential Matter, and the face of the document itself does not make clear and obvious the nature of the information redacted, the parties shall provide in writing a specific category of information redacted (for example: Social Security Number).

7.  By entering into this protective order, the discovering party does not waive its right to make application to the court, with proper notice under the procedure set out by the court or under applicable rules, to the responding party and other parties to the litigation, for a determination that any document designated as Confidential Matter produced by the responding party does not contain sensitive and non-public information, or that in certain circumstances the information should be released from the provisions of this protective order. If a dispute does arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this protective order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve the dispute by agreement before asking the court to resolve the dispute pursuant to the applicable Federal Rules of Civil Procedure. The standard relevant to this determination is that of "good cause" under Federal Rules of Civil Procedure 26.

8.  Nothing in this protective order shall be deemed a waiver of the right of any party to object to a request or discovery on the basis of relevance, materiality, privilege, over breadth, or any other recognized objection to discovery.

9.  If any information or documents designated as confidential material (or their contents) are used by any party at trial, the documents shall remain confidential. If any party intends to produce or use documents subject to this protective order at trial or in any court proceeding, the party intending to use such documents shall give reasonable notice of the intent to use such documents to the Court and the other parties to the case, and such documents will be

4

received under seal. Upon receipt of the notice of intent to use documents subject to this Protective Order in any court proceeding, the Court shall determine which procedures are most appropriate for maintaining the confidentiality of the documents consistent with the rules and policies of the Court before use of the documents. In any event, the fact that a document subject to this Order is used or presented in a proceeding of this Court shall not, without further order of this Court, act as a waiver of any privilege or terminate the protection of the document under this Order.

10.     A party may, on the record of a deposition or by written notice to opposing counsel not later than thirty (30) days after receipt of the deposition transcript, designate any portion(s) of the deposition as confidential if the party determines in good faith that the designated portion(s) contain(s) Confidential Information, as defined in paragraph A, 1. Until expiration of the above thirty (30) day period, all deposition transcripts will be deemed "Confidential Material" under this Protective Order and information therein will be deemed "Confidential Material" under this Protective Order unless otherwise agreed to in writing by the parties.

11.     This protective order may be modified by further written stipulation signed by parties with approval of this court, or by further order of this Court upon application to the Court with notice.

10.     No restrictive or sealed document is to be filed with the clerk of the Court unless leave of court to file that particular document is specifically obtained by the Court.

ENTERED:

_____
Judge Ruben Castillo
United States District Court
Northern District of Illinois

Dated: _____

# Exhibit B

| **From:** | Moyenda Mutharika Knapp |
|---|---|
| **Sent:** | Friday, March 26, 2010 12:02 PM |
| **To:** | 'elsonben@aol.com' |
| **Subject:** | DOCS-#2361401-v1-Draft_Protective_Order.pdf |
| **Attachments:** | DOCS-#2361401-v1-Draft_Protective_Order.pdf |

Good afternoon, Mr. Elson.

We previously spoke with Ms. Mogul of your office in an effort to obtain your office's consent to entry of a protective order in this case. We are now writing to you, pursuant to Federal Rule of Civil Procedure 26 (c), in an effort to obtain your office's consent to entry of a protective order. To that end, we attach a proposed protective order for your consideration.

We would appreciate hearing from you by Monday, March 29th, as to whether you will consent to entry of the proposed protective order in this case. Of course, if you would like to discuss the order further or propose any revisions to same, we are available to speak with you today or Monday. If you need additional time to review the order, please let us know.

Finally, we look forward to your response.

Sincerely,
Moyenda Mutharika Knapp

4/15/2010

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ROBERT BEACH and<br>JEANETTE SIMMONS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-6688 |
| | ) | |
| Markham Police Officers TONY DEBOIS, | ) | Judge Castillo |
| Star No. 331, JOHN DOES 1-3, and the | ) | Magistrate Judge Mason |
| CITY OF MARKHAM, | ) | |
| | ) | |
| Defendants. | ) | |

## CONFIDENTIAL MATTER PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure 26(c), and for the reasons set forth in the record, this court hereby finds:

A.     The following words and terms are defined for purposes of this Protective Order:

1.     "Parties" shall mean Plaintiffs, Defendant City of Markham, the individual Defendants, the attorneys for all parties, and any additional party that this Court may subsequently recognize as subject to this Protective Order, and their attorneys.

2.     When used in this order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, produced by a party pursuant to discovery, including but not limited to, documents produced by any party or non-party, including non-party City of Harvey, in this action whether pursuant to Federal Rule of Civil Procedure 34, subpoena or by agreement, deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the foregoing.

3.     "Confidential Matter" shall mean employment, disciplinary, financial, medical, or other information that is of a sensitive or non-public nature regarding

Plaintiff, Defendants, non-party witnesses, and non-party employees of the City of Markham that may be subject to discovery in this action. "Confidential Matter" includes but is not limited to, personnel files, disciplinary actions, and histories, and related information that are protected by the Illinois Personnel Records Review Act, 820 ILCS 40/0.01, *et seq.* (West 2004) and Section 7 of the Illinois Freedom of Information Act, 5 ILCS 140/1, *et seq.* (West 2004), as well as personal and family information of police officers, including residential information.

B.      This Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as Confidential Matter.

1.      The parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit Confidential Matter of parties and non-parties to or from other parties and non-parties.

C.      The parties will abide by the following terms and conditions:

1.      The parties will not use or disclose Confidential Matter released in this proceeding for any other purpose, or in any other proceeding.

2.      The parties will store all Confidential Matter, while it is in their possession, in a fashion that will ensure that no one, other than those individuals subject to the terms of this order, will have access to said Confidential Matter.

3.      All Confidential Matter produced during the course of this proceeding shall be returned to the producing party within sixty (60) days of the final termination of this action, and shall continue to be protected pursuant to the terms of this Protective Order after termination of this case. If the Confidential Matter is not entirely returned, the producing party shall attempt in good faith to obtain the Confidential Matter, which

2

shall include or request in writing. If the Confidential Matter is not then returned, the producing party may petition the Court for the costs and fees of compelling such return.

4. The individual pages of each document designated as Confidential Matter shall bear the following designation or equivalent: **"CONFIDENTIAL"** or **"CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN 09-CV-6688."** No document containing the "Confidential" stamp or any identifying number shall be copied in whole or in part without the "Confidential" designation appearing on the copy.

5. Before disclosing Confidential Matter to any persons involved in the litigation, including but not limited to counsel, co-counsel, counsel staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing Confidential Matter to be disclosed are confidential, to be held in confidence, to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order.

6. To the extent that a party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any Confidential Matter, and the face of the document itself does not make clear and obvious the nature of the information redacted, the parties shall provide in writing a specific category of information redacted (for example: Social Security Number).

7. By entering into this protective order, the discovering party does not waive its right to make application to the court, with proper notice under the procedure set out by the court or under applicable rules, to the responding party and other parties to the

3

litigation, for a determination that any document designated as Confidential Matter produced by the responding party does not contain sensitive and non-public information, or that in certain circumstances the information should be released from the provisions of this protective order. If a dispute does arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this protective order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve the dispute by agreement before asking the court to resolve the dispute pursuant to the applicable Federal Rules of Civil Procedure. The standard relevant to this determination is that of "good cause" under Federal Rules of Civil Procedure 26.

8.     Nothing in this protective order shall be deemed a waiver of the right of any party to object to a request or discovery on the basis of relevance, materiality, privilege, over breadth, or any other recognized objection to discovery.

9.     This protective order may be modified by further written stipulation signed by parties with approval of this court, or by further order of this court upon application to the court with notice.

10.     No restrictive or sealed document is to be filed with the clerk of the court unless leave of court to file that particular document is specifically obtained by the court.


ENTERED:

_____
Judge Ruben Castillo
United States District Court
Northern District of Illinois

Dated: _____

4

# Exhibit C

**From:** elsonben@aol.com
**Sent:** Monday, March 29, 2010 12:58 PM
**To:** Moyenda Mutharika Knapp
**Subject:** Re: DOCS-#2361401-v1-Draft_Protective_Order.pdf

Ms. Knapp:

We do not consent to the entry of your proposed protective order. While we do not dispute that there is good cause to redact from discovery any references to individual police officers' personal and confidential information, such as social security numbers, addresses and telephone numbers, we do not believe that the materials which you designate as "confidential matter" in paragraph A3 of your proposed order - - "employment, disciplinary, financial . . . personnel files, disciplinary actions, and histories" - - are properly considered confidential matter under the relevant Illinois statutes and case law. *See Gekas v. Williamson*, 912 N.E.2d 347, 356 (2009).

We will draft an alternative proposed protective order and send it to you by Wednesday for your review.

_____

Ben Elson
People's Law Office
1180 N. Milwaukee Ave.
Chicago, Illinois 60642
Ph: 773-235-0070 ext. 116
Fx: 773-235-6699

-----Original Message-----
From: Moyenda Mutharika Knapp <knappm@jbltd.com>
To: elsonben@aol.com <elsonben@aol.com>
Sent: Fri, Mar 26, 2010 12:01 pm
Subject: DOCS-#2361401-v1-Draft_Protective_Order.pdf

Good afternoon, Mr. Elson.

We previously spoke with Ms. Mogul of your office in an effort to obtain your office's consent to entry of a protective order in this case. We are now writing to you, pursuant to Federal Rule of Civil Procedure 26 (c), in an effort to obtain your office's consent to entry of a protective order. To that end, we attach a proposed protective order for your consideration.

We would appreciate hearing from you by Monday, March 29th, as to whether you will consent to entry of the proposed protective order in this case. Of course, if you would like to discuss the order further or propose any revisions to same, we are available to speak with you today or Monday. If you need additional time to review the order, please let us know.

Finally, we look forward to your response.

Sincerely,
Moyenda Mutharika Knapp
Moyenda Mutharika Knapp, Attorney at Law


JOHNSON&BELL
Attorneys at Law

33 West Monroe Street, Suite 2700
Chicago, Illinois 60603-5404
T: (312) 372-0770 | F: (312) 372-9818

4/15/2010

**D: (312) 984-0275**

knappm@jbltd.com | www.johnsonandbell.com

---

All contents of this e-mail and any attachment are private & confidential.  If received or viewed by anyone other than the intended recipient, neither this e-mail nor any attachments, or anything derived from these, may be used or passed on for any purpose whatsoever, and all materials must be destroyed and the sender notified immediately.

4/15/2010

# Exhibit D

**From:** elsonben@aol.com
**Sent:** Thursday, April 01, 2010 10:55 AM
**To:** Moyenda Mutharika Knapp
**Cc:** JoeyMogul@aol.com
**Subject:** Re: DOCS-#2361401-v1-Draft_Protective_Order.pdf

Due to unforeseen circumstances, we were unable to draft and send you an alternative protective order by yesterday. We will send it to you by the end of the day today for your review.

_____

Ben Elson
People's Law Office
1180 N. Milwaukee Ave.
Chicago, Illinois 60642
Ph: 773-235-0070 ext. 116
Fx: 773-235-6699

-----Original Message-----
From: elsonben@aol.com
To: knappm@jbltd.com
Sent: Mon, Mar 29, 2010 12:57 pm
Subject: Re: DOCS-#2361401-v1-Draft_Protective_Order.pdf

Ms. Knapp:

We do not consent to the entry of your proposed protective order. While we do not dispute that there is good cause to redact from discovery any references to individual police officers' personal and confidential information, such as social security numbers, addresses and telephone numbers, we do not believe that the materials which you designate as "confidential matter" in paragraph A3 of your proposed order - - "employment, disciplinary, financial . . . personnel files, disciplinary actions, and histories" - - are properly considered confidential matter under the relevant Illinois statutes and case law. See Gekas v. Williamson, 912 N.E.2d 347, 356 (2009).

We will draft an alternative proposed protective order and send it to you by Wednesday for your review.

_____

Ben Elson
People's Law Office
1180 N. Milwaukee Ave.
Chicago, Illinois 60642
Ph: 773-235-0070 ext. 116
Fx: 773-235-6699

-----Original Message-----
From: Moyenda Mutharika Knapp <knappm@jbltd.com>
To: elsonben@aol.com <elsonben@aol.com>
Sent: Fri, Mar 26, 2010 12:01 pm
Subject: DOCS-#2361401-v1-Draft_Protective_Order.pdf

Good afternoon, Mr. Elson.

4/15/2010

We previously spoke with Ms. Mogul of your office in an effort to obtain your office's consent to entry of a protective order in this case. We are now writing to you, pursuant to Federal Rule of Civil Procedure 26(c), in an effort to obtain your office's consent to entry of a protective order. To that end, we attach a proposed protective order for your consideration.

We would appreciate hearing from you by Monday, March 29th, as to whether you will consent to entry of the proposed protective order in this case. Of course, if you would like to discuss the order further or propose any revisions to same, we are available to speak with you today or Monday. If you need additional time to review the order, please let us know.

Finally, we look forward to your response.

Sincerely,
Moyenda Mutharika Knapp
Moyenda Mutharika Knapp, Attorney at Law



33 West Monroe Street, Suite 2700
Chicago, Illinois 60603-5404
T: (312) 372-0770 | F: (312) 372-9818
**D: (312) 984-0275**

knappm@jbltd.com | www.johnsonandbell.com

---

All contents of this e-mail and any attachment are private & confidential. If received or viewed by anyone other than the intended recipient, neither this e-mail nor any attachments, or anything derived from these, may be used or passed on for any purpose whatsoever, and all materials must be destroyed and the sender notified immediately.

4/15/2010

# Exhibit E

# JOHNSON & BELL Ltd.
## ———— Attorneys at Law ————

SUITE 2700
33 WEST MONROE STREET
CHICAGO, IL 60603-5404
TELEPHONE: (312) 372-0770
FACSIMILE: (312) 372-9818

1435 EAST 85TH AVENUE
MERRILLVILLE, IN 46410
TELEPHONE: (219) 791-1900
FACSIMILE: (219) 791-1901

WWW.JOHNSONANDBELL.COM
WRITER'S DIRECT DIAL NUMBER

April 12, 2010

*VIA E-MAIL: elsonben@aol.com*
*& REGULAR MAIL*
Ben H. Elson
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, IL 60642

> **Re:** *Robert Beach and Jeanette Simmons v. City of Markham, et al.*
> **U.S. District Court, Case No.: 09 cv 06688**
> **Our File No.: 8745-09002**

Dear Mr. Elson:

We had previously sent you a proposed protective order in this cause. You responded by providing us with a proposed protective order. We do not agree to your proposed protective order in toto. Accordingly, we ask that you consider the entry of our amended proposed protective order, which incorporates your suggestions with respect to HIPAA and depositions in this cause. Enclosed is a copy of same for your review.

Hopefully, we can agree to the terms of a protective order in this cause without the need of Court intervention. We ask that you inform us by Wednesday, April 14, 2010 as to whether you will agree to the amended proposed protective order.

Sincerely,

JOHNSON & BELL, LTD.

Moyenda Mutharika Knapp

Enclosure
#2366933

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

ROBERT BEACH and )
JEANETTE SIMMONS, )
                 )
       Plaintiffs, )
                 )
        v. )       Case No. 09-CV-6688
                 )
Markham Police Officers TONY DEBOIS, )       Judge Castillo
Star No. 331, JOHN DOES 1-3, and the )       Magistrate Judge Mason
CITY OF MARKHAM, )
                 )
       Defendants. )

## <u>CONFIDENTIAL MATTER PROTECTIVE ORDER</u>

Pursuant to Federal Rules of Civil Procedure 26(c), and for the reasons set forth in the record, this court hereby finds:

A.     The following words and terms are defined for purposes of this Protective Order:

1.     "Parties" shall mean Plaintiffs, Defendant City of Markham, the individual Defendants, the attorneys for all parties, and any additional party that this Court may subsequently recognize as subject to this Protective Order, and their attorneys.

2.     When used in this order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, produced by a party pursuant to discovery, including but not limited to, documents produced by any party or non-party, including non-party City of Harvey, in this action whether pursuant to Federal Rule of Civil Procedure 34, subpoena or by agreement, deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the foregoing.

3.     "Confidential Matter" shall mean employment, disciplinary, financial, medical, or other information that is of a sensitive or non-public nature regarding Plaintiff, Defendants, non-party witnesses, and non-party employees of the City of Markham that may be subject to

discovery in this action. "Confidential Matter" includes, but is not limited to, personnel files, disciplinary actions, and histories, and related information that are protected by the Illinois Personnel Records Review Act, 820 ILCS 40/0.01, *et seq.* (West 2004) and Section 7 of the Illinois Freedom of Information Act, 5 ILCS 140/1, *et seq.* (West 2004), as well as personal and family information of police officers, including residential information and telephone numbers; social security numbers; any wage, financial or tax information of any individual; residential and cellular telephone numbers; arrest reports and related documents; arrest histories, also known as "rap sheets"; the identifying information of complaining witnesses including victims; documents that are subject to the Juvenile Control Act 705 ILCS 405/1-1 *et seq.;* and information protected by the Health Insurance Portability and Accountability Act of 1966, including, but not limited to, medical records and other physical and mental health information.

    4.    As used herein, "disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, expose, make open or public, or otherwise communicate Confidential Matter.

    B.    This Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as Confidential Matter.

    1.    The parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit Confidential Matter of parties and non-parties to or from other parties and non-parties.

    C.    The parties will abide by the following terms and conditions:

    1.    The parties will not use or disclose Confidential Matter released in this proceeding for any other purpose, or in any other proceeding.

    2.    The parties will store all Confidential Matter, while it is in their possession, in a fashion that will ensure that no one, other than those individuals subject to the terms of this

order, will have access to said Confidential Matter.

3.     All copies of Confidential Matter produced during the course of this proceeding shall be returned to the producing party or non-party within sixty (60) days of the final termination of this action, and shall continue to be protected pursuant to the terms of this Protective Order after termination of this case. If the Confidential Matter is not entirely returned, the producing party shall attempt in good faith to obtain the Confidential Matter, which shall include a request in writing. If the Confidential Matter is not then returned, the producing party may petition the Court for the costs and fees of compelling such return.

4.     The individual pages of each document designated as Confidential Matter shall bear the following designation or equivalent: **"CONFIDENTIAL"** or **"CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN 09-CV-6688."** No document containing the "Confidential" stamp or any identifying number shall be copied in whole or in part without the "Confidential" designation appearing on the copy.

5.     Before disclosing Confidential Matter to any persons involved in the litigation, including but not limited to counsel, co-counsel, counsel staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing Confidential Matter to be disclosed are confidential, to be held in confidence, to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order. Any document produced by a non-party to this cause may be designated as Confidential Material by any party to this cause before or after the disclosure.

6.     To the extent that a party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any Confidential Matter, and the face of the document itself does not make clear and obvious the nature of the

3

information redacted, the parties shall provide in writing a specific category of information redacted (for example: Social Security Number).

7.     By entering into this protective order, the discovering party does not waive its right to make application to the court, with proper notice under the procedure set out by the court or under applicable rules, to the responding party and other parties to the litigation, for a determination that any document designated as Confidential Matter produced by the responding party does not contain sensitive and non-public information, or that in certain circumstances the information should be released from the provisions of this protective order.  If a dispute does arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this protective order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve the dispute by agreement before asking the court to resolve the dispute pursuant to the applicable Federal Rules of Civil Procedure.  The standard relevant to this determination is that of "good cause" under Federal Rules of Civil Procedure 26.

8.     Nothing in this protective order shall be deemed a waiver of the right of any party to object to a request or discovery on the basis of relevance, materiality, privilege, over breadth, or any other recognized objection to discovery.

9.     If any information or documents designated as confidential material (or their contents) are used by any party at trial, the documents shall remain confidential.  If any party intends to produce or use documents subject to this protective order at trial or in any court proceeding, the party intending to use such documents shall give reasonable notice of the intent to use such documents to the Court and the other parties to the case, and such documents will be received under seal.  Upon receipt of the notice of intent to use documents subject to this Protective Order in any court proceeding, the Court shall determine which procedures are most

4

appropriate for maintaining the confidentiality of the documents consistent with the rules and policies of the Court before use of the documents. In any event, the fact that a document subject to this Order is used or presented in a proceeding of this Court shall not, without further order of this Court, act as a waiver of any privilege or terminate the protection of the document under this Order.

10.    A party may, on the record of a deposition or by written notice to opposing counsel not later than thirty (30) days after receipt of the deposition transcript, designate any portion(s) of the deposition as confidential if the party determines in good faith that the designated portion(s) contain(s) Confidential Information, as defined in paragraph A, 1. Until expiration of the above thirty (30) day period, all deposition transcripts will be deemed "Confidential Material" under this Protective Order and information therein will be deemed "Confidential Material" under this Protective Order unless otherwise agreed to in writing by the parties.

11.    This protective order may be modified by further written stipulation signed by parties with approval of this court, or by further order of this Court upon application to the Court with notice.

10.    No restrictive or sealed document is to be filed with the clerk of the Court unless leave of court to file that particular document is specifically obtained by the Court.

ENTERED:

_____

Judge Ruben Castillo
United States District Court
Northern District of Illinois

Dated: _____